**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DE'JARNETTE JOHNSON** **PLAINTIFF**

**v.** **CASE NO. 4:24-CV-01094-BSM**

**SERGEANT DAKOTAH BAILEY** **DEFENDANT**

# ORDER

De'Jarnette Johnson's motion for summary judgment [Doc. No. 12] is denied, and Dakotah Bailey's motion for summary judgment [Doc. No. 16] is granted. Johnson's claims are dismissed with prejudice.

## I. BACKGROUND

Arkansas State Police Sergeant Dakotah Bailey, and a number of his fellow officers, detained a man outside of a football game at Little Rock's War Memorial Stadium. Resp. to Pl's Statement of Undisputed Facts ("SUMF I") ¶ 1, ¶¶ 6, 14–15, Doc. No. 24; Resp. to Def's. Statement of Undisputed Facts ("SUMF II") ¶ 1, ¶¶ 6, 14–15, Doc. No. 26. After placing the detainee on the ground, the detainee began yelling that he could not breathe. SUMF I ¶ 8; SUMF II ¶ 17. While looking on with others, Johnson began recording with her phone. SUMF I ¶¶ 10–12, 24; SUMF II ¶¶ 20–21.

When Bailey walked towards Johnson and repeatedly yelled "keep it moving," Johnson did not move. Doc. No 22, Ex. 2, Bodycamera Video at 20:28:50–20:29:15; Doc. No. 22, Ex. 5, Johnson Video I at 00:03–00:08. Bailey then grabbed Johnson's phone and the recording stopped. SUMF I ¶ 19; SUMF II ¶ 28. Bailey returned the phone to Johnson

shortly thereafter, and Johnson began recording again. SUMF I ¶ 25; SUMF II ¶¶ 30, 35; Def's. MSJ, Ex. 3, Johnson Depo 22:16–23, 28:9–11. Bailey again yelled,"Leave. I told you to leave. Leave or go to jail." SUMF I ¶ 25; SUMF II ¶ 37.

When stadium workers questioned whether Johnson was permitted to enter the stadium, Bailey stated, "No, you can [go in], but you need to listen. I told you to move and you didn't, did you?" SUMF I ¶ 27; SUMF II ¶ 42. Johnson then left the area. SUMF II ¶¶ 48–50.

Johnson is suing Bailey in his individual capacity for violating her Fourth Amendment right to be free from unreasonable seizure of her person and property and for retaliation under the First Amendment. Both parties are moving for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in the pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

### A. The Cell Phone

Johnson asserts that Bailey violated her Fourth Amendment right to be free from unreasonable seizure of property when he confiscated her cell phone. Pl.'s Br. Supp. Mot. Summ. J. at 6, Doc. No. 13. Bailey's motion for summary judgment is granted and Johnson's motion for summary judgment is denied because Bailey is immune from this claim.

Officers are typically immune from suit unless they violate a plaintiff's clearly established rights. *See Kelsay v. Ernst*, 933 F.3d 975, 979 (8th Cir. 2019). The right to be free from unreasonable seizures of property is a clearly established right. *Robbins v. City of Des Moines*, 984 F.3d 673, 681 (8th Cir. 2021) (there is a "clearly established right to be free of unreasonable seizures of . . . property"). Consequently, the question presented is whether Bailey's taking of Johnson's phone qualifies as a seizure. It does not.

Johnson states that Bailey returned her phone within five minutes, but it could have been within seconds. Johnson Dep. 25:11–15, 28:9–11. Even if Bailey took control of Johnson's phone for five minutes, it was not a seizure. *See United States v. Va Lerie*, 424 F.3d 694, 702 (8th Cir. 2005) ("not every governmental interference with a person's property constitutes a seizure of that property"). A "seizure occurs 'when there is some meaningful interference with an individual's possessory interest in that property.'" *Robbins*, 984 F.3d at 680. To qualify as a seizure, law enforcement must exert "dominion and control over the [property] for its own purposes." *Va Lerie*, 424 F.3d at 702. "[T]he seizure standard prohibits the government's *conversion* of an individual's private property, as opposed to the

mere technical *trespass* to an individual's private property." *Id*. (emphasis added).

Although Bailey's actions were improper, he did not assert the level of dominion and control over Johnson's phone to satisfy the seizure standard. Nothing in the record indicates that during the brief period he held the phone, that Bailey searched it, took it outside of Johnson's reach, damaged it, or manipulated it in any way before handing it back. At most Bailey committed a trespass, which is not actionable and is not a seizure. *See Tramel v. Suydam*, 2021 WL 3525177 at *4 (E.D. Mo. Aug. 11, 2021) (not a seizure when a citizen consents to give officer his phone but the officer throws the phone and destroys it); *Ordonez v. Gonzalez*, 2024 WL 1250181 at *12 (W.D. Tex. Mar. 25, 2024) (not a seizure when an officer took a phone from a bystander that was recording, threw it on the ground, breaking it, and the bystander picked it back up and began recording again); *Askew v. Millerd*, 191 F.3d at 953 (8th Cir. 1999) ("not every assault or battery which violates state law will create liability under" section 1983).

B. Seizure of Person

Johnson asserts that she was seized during the time that Bailey held her phone. Pl.'s Reply Def.'s Resp. Pl.'s MSJ at 8, Doc. No. 30. Bailey's motion for summary judgment is granted and Johnson's motion for summary judgment is denied because Bailey is immune from this claim. As provided above, officers are immune from suit unless they violate a clearly established right, and there is no established authority for the proposition that an officer automatically seizes a person by taking possession of the person's property. *See Robbins*, 984 F.3d at 679–681 (two different standards for seizure of a person and seizure of

property); *Tramel*, 2021 WL 3525177 at *3 ("[M]ost cases will require precedent, controlling authority, or a robust consensus of cases of persuasive authority finding the conduct at issue is unconstitutional.").

C. First Amendment Retaliation

Johnson asserts that Bailey retaliated against her for exercising her First Amendment right to record the officers. Pl.'s Br. Supp. of Mot. Summ. J. at 12. Bailey's motion for summary judgment is granted and Johnson's motion for summary judgment is denied because Bailey is immune from suit on this claim.

Officers are typically immune from suit unless they violate a plaintiff's clearly established rights. *Kelsay*, 933 F.3d at 979. Although Bailey claims that *Molina v. City of St. Louis, Missouri* holds that there is not a clearly established right to record or observe police officers, that is inaccurate. Rather, *Molina* decided that there was not a clearly established right to record police officers as of 2015 and leaves open the question of whether such a right has become established since then. *Molina v. City of St. Louis, Missouri*, 59 F.4th 334, 338 (8th Cir. 2023)*; see also Tincher v. Noem*, 816 F. Supp. 3d 931, 967 (D. Minn. 2026) ("[T]he Court disagrees that *Molina* forecloses the conclusion that there now exists a First Amendment right to observe and record law enforcement.").

The Eighth Circuit has consistently held that bystanders have a right to watch police officer interactions as long as they do not interfere with the officers. *Walker v. City of Pine Bluff*, 414 F.3d 989, 992 (8th Cir. 2005) ("In a democracy, public officials have no general privilege to avoid publicity and embarrassment by preventing public scrutiny of their

actions."); *Chestnut v. Wallace*, 947 F.3d 1085, 1090 (8th Cir. 2020) (holding the officer violated the "clearly established right to watch police-citizen interactions at a distance and without interfering."); *Hoyland v. McMenomy*, 869 F.3d 644, 656 (8th Cir. 2017) (holding that a bystander bringing a section 1983 First Amendment retaliation claim engaged in a protected activity when he recorded and yelled at officers conducting an arrest from thirty feet away); *Ness v. City of Bloomington*, 11 F.4th 914, 923 (8th Cir. 2021) ("[A]cts of taking photographs and recording videos are entitled to First Amendment protection because they are an important stage of the speech process that ends with the dissemination of information about a public controversy.").

Indeed, "*Chestnut* and *Walker* were [] Fourth Amendment cases. But the Fourth Amendment makes it unreasonable to arrest or detain someone for conduct that, because the constitution protects it, could never be criminal. *Chestnut* and *Walker*, in reaching their Fourth Amendment holdings, clearly established that the First Amendment protects peaceful police-observation in this circuit." *Molina*, 59 F.4th at 348 (Benton, J., dissenting).

Further, a number of circuit courts have held that there is a First Amendment right to non-intrusively record police officers, subject to reasonable time, place, and manner restrictions. *See Glik v. Cunniffe*, 655 F.3d 78, 82 (1st Cir. 2011); *Fields v. City of Philadelphia*, 862 F.3d 353, 360 (3d Cir. 2017); *Turner v. Lieutenant Driver*, 848 F.3d 678, 689 (5th Cir. 2017); *Irizarry v. Yehia*, 38 F.4th 1282, 1292 (10th Cir. 2022); *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1044 (9th Cir. 2018); *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000).

This ultimately leads to the determination that there is a clearly established right to record police officer interactions as long as the bystanders do not interfere with or place a reasonable officer in fear of danger. This right is also not absolute, but rather it may be limited by reasonable time, place, and manner restrictions. *Fields*, 862 F.3d at 360.

The next question is whether Bailey violated Johnson's clearly established right to record the officers' actions. Johnson's brief interference with Bailey's recording was not a constitutional violation. It is undisputed that the officers were told to keep pedestrian traffic moving and deter loitering outside of the stadium due to safety concerns. SUMF II ¶¶ 6–7, 11. When Johnson and other bystanders began to form a group, Bailey ordered them to "keep it moving" multiple times, but Johnson refused. *See Hulbert v. Pope*, 70 F.4th 726, 735 (4th Cir. 2023) (officer did not violate the constitutional right to record because a "reasonable officer could have inferred a safety risk . . . [so] it was at least reasonable for him to believe that his orders promoted a substantial government interest."). Bailey never told Johnson that she could not record the officers and only briefly took her phone after she refused to comply with his admonition to move from the area. Such a brief interruption does not violate Johnson's constitutional right. *See Gericke v. Begin*, 753 F.3d 1, 3–4 (1st Cir. 2014) (violation when a woman was arrested for recording a police interaction from an opposing parking lot); *Irizarry*, 38 F.4th at 1292–93 (violation when an officer shined a light into the camera lense, drove his cruiser at the bystanders, and threatened them with violence). Indeed, Johnson proceeded to record again immediately after Bailey handed her phone back to her, and Bailey took no action to stop her. Since Bailey did not violate Johnson's clearly

established right, he is immune from this claim.

## IV. CONCLUSION

For these reasons, Johnson's motion for summary judgment is denied and Bailey's motion for summary judgment is granted. Johnson's claims are dismissed with prejudice.

IT IS SO ORDERED this 14th day of September, 2026.

UNITED STATES DISTRICT JUDGE